**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James HARRIS, Defendant-Appellant.**

**No. 73-1179.**

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1973.

Decided June 28, 1973.

J. Kimbrough Johnson, Jr. (Court Appointed) Memphis, Tenn., for defendant-appellant.

Robert F. Colvin, Memphis, Tenn., for plaintiff-appellee; Thomas F. Turley, Jr., U. S. Atty., Johnnie L. Johnson, Jr., Asst. U. S. Atty., W. D. Tenn., Memphis, Tenn., on brief.

Before McCREE and MILLER, Circuit Judges and NEESE,* District Judge.

PER CURIAM.

We consider an appeal from a judgment entered January 5, 1973 on a jury verdict convicting defendant on the second of two counts of an indictment charging a violation of the Mann Act, 18 U.S.C. § 2421. The indictment charged defendant with knowingly transporting in interstate commerce from Memphis, Tennessee to Detroit, Michigan two females, Edith Davis and a girl, Myra White, who was not 18 years old, for the purpose of prostitution, debauchery and other immoral purposes.

The issues raised on appeal are:

1) Was there substantial evidence to support a jury verdict that defendant's dominant purpose for the trip was for prostitution and debauchery?

2) Did the U. S. District Court err by instructing the jury that the dominant motive for transporting the females, as distinguished from the dominant motive of the trip, is the essential element of the offense?

The evidence showed that appellant, a Memphis resident, owns several parcels of rental property in Detroit. On January 21, 1972, he traveled to Detroit for the purpose of making repairs on some of his properties and took with him Myra White and Edith Davis, whom he picked up at a bus stop. Defendant was also accompanied by George Anthony, who agreed to assist appellant in making the repairs. Anthony was a co-defendant in the trial below and was acquitted.

---

* The Honorable C. G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation.

The women testified that appellant forced them to attempt to solicit men at a truck stop in Ohio and later at cafes in Detroit. Defendant testified that the women accompanied him solely for the pleasure of his company and denied forcing them to perform acts of prostitution at any time during the trip from Memphis to Detroit.

Appellant contends that the Supreme Court has interpreted the Mann Act to proscribe the interstate transporting of women for the purpose of prostitution only if the dominant purpose of the escorting defendant in making the trip is the commission of immoral acts. He relies on the following language from Mortensen v. United States, 322 U.S. 369, 374, 64 S.Ct. 1037, 1040, 88 L.Ed. 1331 (1944): "An intention that the women or girls shall engage in the conduct outlawed by Section 2 must be found to exist before the conclusion of the interstate journey and must be the dominant motive of such interstate movement. And the transportation must be designed to bring about such result."

■ The trial judge disagreed with appellant's interpretation of Mortensen and focused not on the purpose of the trip but instead upon the purpose of defendant in transporting the females. In his charge he instructed the jury as follows:

> ". . . I charge you that it is necessary that it be shown that in transporting or causing to be transported one or both of these females, the defendants' dominant motive in transporting or causing to be transported was prostitution, debauchery or other immoral purpose or practice. It is not necessary that it be shown that the dominant motive in making the trip so far as a defendant is concerned is for that purpose, but it is necessary to show, as I say, that the dominant motive of the defendant in transporting the female was for that purpose."

We agree with the district court, and determine that the charge is free from error. The quotation from Mortensen must be read in context, and it is clear from such reading that the Supreme Court was not concerned with the purpose of the escorting defendants in making the interstate trip, but instead with their purpose in transporting the women who were concededly prostitutes. This interpretation is clear from the Supreme Court's statement of the issue in Mortensen—"The primary issue before us is whether there was any evidence from which the jury could rightly find that petitioners transported the girls from Salt Lake City to Grand Island for an immoral purpose in violation of the Mann Act." 322 U.S. at 373, 64 S.Ct. at 1040.

The Supreme Court expressed no concern about any other purpose the defendants might have had for making the trip. In fact, it was conceded that their purpose was an innocent one, and if appellant here is correct, that concession would have made unnecessary the determination of the issue quoted above.

This construction of the Mann Act is consistent with the rationale of United States v. Hon, 306 F.2d 52 (7th Cir. 1962), relied on by appellant. There, the court in reversing a conviction, said: ". . . The dominant motive of their interstate movement was not an intention that the woman should be transported in interstate commerce for the purpose of prostitution." 306 F. 2d at 55. (Emphasis supplied.)

It is clear in Hon that the focus of the statute is on the purpose for the transporting of the woman. This is the rule of our circuit and we reaffirm it here. See United States v. Salter, 346 F.2d 509 (6th Cir. 1965).

■ We determine from an examination of the record that there was ample evidence to support the jury's verdict.

Affirmed.