**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20719

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES FERNANDO GARCIA-LOPEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

November 20, 2000

Before GARWOOD, HIGGINBOTHAM, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Andres Fernando Garcia-Lopez appeals from his conviction and sentence for knowing travel in foreign commerce by a permanent resident alien for the purpose of engaging in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b). For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Andres Fernando Garcia-Lopez ("Garcia-Lopez"), was convicted of traveling in foreign commerce for the purpose of engaging in a sexual act with a juvenile under 18 U.S.C. §

2423(b).[1]  In May 1998, Garcia-Lopez moved in with Dyanira Barragan ("Barragan") and her three children.  In mid-August, Garcia-Lopez took LB, Barragan's 13-year-old daughter, to Monterrey, Mexico.  He had obtained false identification for her use during the trip.  At trial, LB testified that Garcia-Lopez raped her twice while they were in Mexico.  Eventually, LB's grandmother and sister went to Mexico and took LB home to Houston.

Garcia-Lopez requested that the district court instruct the jury that illicit sex must have been one of his dominant purposes for foreign travel.  Specifically, he requested the following instruction:

> In order to sustain its burden of proof under Count One of the Indictment, the government must prove beyond a reasonable doubt that the defendant formed the intent to engage in illegal sexual activity before he traveled in foreign commerce.
> It is not necessary for the government to prove that illegal sexual activity was the sole purpose for the foreign travel.  A person may have several different purposes or motives for such travel and each may prompt, in varying degrees, the act of making the journey.
> The government must prove beyond a reasonable doubt, however, that a significant or dominant purpose of the travel from the United States to another country was to engage in illegal sexual activity.

The district court refused to give the instruction urged by Garcia-Lopez.  Instead, the court instructed the jury that the "Government [did] not need to prove that [Garcia-Lopez's] only purpose for traveling in foreign commerce  was to engage in a sexual act with a minor," but that it was "enough

---

[1]18 U.S.C. § 2423(b) provides:
> A person who travels in interstate commerce, or conspires to do so, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, or conspires to do so, for the purpose of engaging in any sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States shall be fined under this title, imprisoned not more than 15 years, or both.

if one of the defendant's motives in traveling in foreign commerce was to engage in a sexual act with a minor."

Garcia-Lopez was sentenced to the statutory maximum of 120 months of imprisonment under 18 U.S.C. § 2423(b).[2] The court applied U.S.S.G. § 2A3.1, which, based on LB's testimony that Garcia-Lopez raped her, allowed criminal sexual abuse to be used in determining a higher base offense level. Garcia-Lopez argued, however, that U.S.S.G. § 2A3.2 was the appropriate section because he was neither charged nor convicted of raping LB and LB's testimony was not credible. Garcia-Lopez now appeals his conviction and sentence.

## DISCUSSION

I.    Jury Instructions

This Court reviews a district court's refusal to provide a requested jury instruction for abuse of discretion. United States v. Richards, 204 F.3d 177, 204 (5th Cir. 2000). We will reverse the district court's refusal "only if the requested instruction (1) was a substantially correct statement of the law, (2) was not substantially covered in the charge as a whole, and (3) concerned an important point in the trial such that the failure to instruct the jury on the issue seriously impaired the defendant's ability to present a given defense." Id.

Garcia-Lopez argues that the district court committed reversible error by refusing to give the requested jury instruction concerning the requisite intent for a § 2423(b) conviction. He contends that the Government had the burden of proving beyond a reasonable doubt that: 1) one of his dominant motives for traveling in foreign commerce was to engage in illicit sex with a minor; 2) his

---

[2]The current version of § 2423(b) provides for a maximum sentence of 15 years of imprisonment. 18 U.S.C. § 2423(b) (1999). At the time of the offense in this case, the statute provided for a maximum of 10 years of imprisonment. See 18 U.S.C. § 2423(b) (1998).

3

proffered instruction correctly stated the law; 3) the instruction given to the jury "watered down" the Government's burden; and 4) his defense was seriously impaired.

Garcia-Lopez relies on Mortensen v. United States, 322 U.S. 369, 64 S. Ct. 1037, 88 L. Ed. 1331(1944), and United States v. Campbell, 49 F.3d 1079 (5th Cir. 1995), to support his contention that the district court should have instructed the jury that one of his dominant motives for going to Mexico was to engage in sex with a minor. However, both of these cases demonstrate that the requested instruction was not a substantially correct statement of the law and that the district court substantially covered the requisite intent that the Government was required to prove.

In Mortensen, the Court reversed the convictions of two persons who had been convicted under the Mann Act[3] for transporting girls across state lines for prostitution. 322 U.S. at 377. The petitioners, who operated a house of prostitution, took two of their employees, who were prostitutes, on a vacation. Id. at 372. Although the Court noted that the "dominant motive" of illicit acts in interstate travel must be immoral, it found that the "sole purpose" of the petitioners' trip was "innocent recreation." Id. at 374-75. The Court also found that there was no evidence from which the jury could have inferred beyond a reasonable doubt that the petitioners transported the girls for the purpose of prostitution or debauchery within the meaning of the statute. Id. at 374.

In Campbell, this Court narrowly interpreted the phrase "dominant motive" used by the Supreme Court in Mortensen. 49 F.3d at 1082-83. The court stated that the relevant inquiry for

_____

[3]The statutory antecedents of § 2423(b) date back to the Mann Act, enacted in 1910. United States v. Vang, 128 F.3d 1065, 1069 (7th Cir. 1997). Section 2423 evolved from the same legislative initiative as the Mann Act, and both are a components of the same general legislative framework. Id. Thus, early cases interpreting the original Mann Act are authoritative in construing § 2423(b). See id.

4

determining whether a dominant purpose existed is "whether the illicit behavior is 'one of the efficient and compelling purposes' of the travel." Id. at 1083 (quoting Forrest v. United States, 363 F.2d 348, 349 (5th Cir. 1966)). Moreover, this Court found that "many purposes for traveling may exist, but, as long as one motivating purpose is to engage in prostitution, criminal liability may be imposed under the Act" and, if there is no dominant purpose, "it is because any such purpose was either non-existent or 'incidental.'" Id. at 1083. Thus, "dominant motive" is equated with "motivating purpose," and if a particular purpose is not motivating, then it is merely non-existent or incidental.

Accordingly, the dominant purpose instruction proposed by Garcia-Lopez was not a substantially correct statement of the law. Also, the district court's instruction that it was sufficient for the Government to prove that one of Garcia-Lopez's motives in traveling was to engage in a sexual act with a minor substantially covered the requisite intent that the Government was required to prove. Moreover, the instructions given by the district court did not seriously impair Garcia-Lopez's ability to present a defense. He was able to present the defense that he took LB to Mexico to help her escape her family's abuse. Thus, the district court did not abuse its discretion in refusing the requested instruction.

II.    Sentencing

Garcia-Lopez argues that the district court should have sentenced him under the guideline for sex with a minor rather than the guideline for criminal sexual abuse.[4] He contends that the district court erred in applying U.S.S.G. § 2A3.1, through the cross-reference under § 2A3.2(c)(1), in

---

[4]Garcia-Lopez was sentenced on July 22, 1999, before the effective date of the current amendments to the Sentencing Guidelines. Reference herein to the Sentencing Guidelines are to the provisions in effect at the time Garcia-Lopez was sentenced.

determining the proper base offense level for the count of conviction. He reasons that the guideline for forcible rape was improper because he was not convicted of forcible rape and because any alleged rape occurred in a foreign country. He also claims that the district court's findings regarding LB's credibility are unsupported by the evidence.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).

U.S.S.G. § 2A3.2(a) uses a base offense level of 15 for criminal sexual abuse with a minor or attempt to commit such abuse. Section 2A3.2(c)(1) cross references § 2A3.1, which uses a base offense level of 27 for criminal sexual abuse or attempt to commit such abuse. Specifically, 2A3.2(c)(1) provides that "[i]f the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse)."

We find no error in the district court's application of the cross reference under § 2A.32(c)(1). Garcia-Lopez has not pointed to any case holding that a conviction of forcible rape and the commission of such rape within the United States are requisites for the application of the cross reference. Also, he has failed to show that the district court erred in its credibility determinations with respect to LB's testimony.

## CONCLUSION

For the foregoing reasons, we AFFIRM Garcia-Lopez's conviction and sentence.

AFFIRMED.

6