[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 3, 2007
THOMAS K. KAHN
CLERK

No. 05-17206

_____

D. C. Docket No. 03-00020 CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADLEY DUANE HOSCHOUER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 3, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Bradley Hoschouer ("Defendant") appeals his

conviction and sentence for knowingly transporting his minor daughter, Kristina,

in interstate commerce with the intent to engage in criminal sexual activity, in

violation of 18 U.S.C. § 2423(a), and for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). No reversible error has been shown; we affirm.

## I.  BACKGROUND

The Government's evidence at trial showed that Defendant began a sexual relationship with Kristina when she was 13 years old. The relationship began while Kristina was visiting her great-grandmother in Arizona in March 2002 and continued until Defendant was arrested in September 2003. During this time, Kristina and Defendant moved around the United States, either staying with various friends and relatives, hitchhiking, or traveling for Defendant's job as a long-distance trucker. Kristina testified that, even when they were on the road, they had sexual intercourse almost daily.

In August or September 2002, Kristina became pregnant with Defendant's child. She gave birth to a son on 24 March 2003; Defendant resumed their sexual relationship the evening Kristina was released from the hospital, despite the hospital's instruction that Kristina was to avoid intercourse for six to eight weeks. In September 2003, Defendant was arrested in Texas. After the check Kristina had

written for the bond fee was returned for insufficient funds, Defendant and Kristina fled Texas in a van purchased with stolen goods. Kristina asked to stay behind with a friend, but Defendant refused. While driving through Georgia, they stopped at a Wal-Mart, where Defendant was arrested for shoplifting. Kristina later revealed their sexual relationship, and Defendant was indicted under 18 U.S.C. § 2423.

At trial, Kristina testified that she understood they were traveling to North Carolina so Defendant could find work. She also stated that she believed that, if they had stayed in Georgia long enough, Defendant would have had sex with her. The evidence also showed that Defendant thought of Kristina as his common-law wife and that he, Kristina, and the baby were a family.

Defendant requested that the district court instruct the jury – on both counts -- that the Government was required to show that the sexual activity in question was a "significant," but not necessarily "dominant," purpose of his trip from Texas to Georgia. The court instructed the jury that, for Defendant to be found guilty of violating section 2423(a), "the Government must also prove that the defendant's intent in transporting a minor . . . was to engage in a criminal sexual act . . . ." For section 2423(b), the court instructed that the Government:

does not have to show that engaging in criminal sexual activity with a minor was the Defendant's only purpose, or even his primary purpose, but the Government must show it was one of the motives or purposes for transporting the minor or for the travel. In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

The jury found Defendant guilty on both counts.

At the sentencing hearing, the district court determined that Defendant's guidelines range was 188 to 235 months' imprisonment. Defendant requested a mid-range sentence of 200 months. The district court sentenced Defendant to 260 months, specifically finding that an above-guidelines sentence was reasonable based on the ongoing nature of Defendant's offense, his impregnation of his own daughter, his absence of remorse, and his stated purpose of continuing the relationship. Defendant now appeals both his conviction and sentence, arguing that (1) the district court erred in failing to charge the jury that his sexual activity with the victim must have been a significant motivating purpose for the transport or travel; (2) there is insufficient evidence to support his conviction; and (3) the sentence imposed is unreasonable under United States v. Booker, 543 U.S. 220 (2005).

## II. STANDARD OF REVIEW

We review <u>de</u> <u>novo</u> the legal correctness of a jury instruction, but defer to the district court on questions of phrasing, absent an abuse of discretion. <u>United States v. Prather</u>, 205 F.3d 1265, 1270 (11th Cir. 2000). In general, district courts "have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts." <u>Id.</u> (quoting <u>United States v. Arias</u>, 984 F.2d 1139, 1143 (11th Cir. 1993)). Thus, we will reverse a conviction only where "the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process." <u>Id.</u> (quoting <u>Arias</u>, 984 F.2d at 1143).

We also review <u>de</u> <u>novo</u> the sufficiency of the evidence supporting a conviction, viewing the evidence in the light most favorable to the Government. <u>United States v. Schlei</u>, 122 F.3d 944, 952-53 (11th Cir. 1997). We must affirm unless no reasonable jury could have found the defendant guilty beyond a reasonable doubt. <u>Id.</u>

Last, we review a defendant's sentence for reasonableness. <u>Booker</u>, 543 U.S. at 261. The party challenging the sentence must establish that the sentence is

unreasonable in the light of the record and the factors listed in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)(per curiam).

## III.  DISCUSSION

### A.  The Jury Instructions

Defendant first argues that the district court erred in failing to charge the jury that, under both section 2423(a) and (b), the sexual activity must have been a significant motivating purpose for transporting or traveling with Kristina, not just one of the purposes.  But, the plain language of section 2423(a) requires only that the defendant knowingly transport a minor with the "intent" of engaging in criminal sexual activity.  It does not require evidence of any "purpose" or "motive" of the interstate travel.  See United States v. Cole, 262 F.3d 704, 709 (8th Cir. 2001) (affirming conviction under section 2423(a) after concluding that one of the defendant's purposes for transporting the minor was illegal sexual activity, but noting that the plain language of section 2423(a) does not require any such showing); United States v. Ellis, 935 F.2d 385, 391-92 (1st Cir. 1991) (same).  Thus, because section 2423(a) merely requires that the defendant have

intended to engage in criminal sexual activity with a minor, the district court's jury instruction on that count was proper.

Section 2423(b) makes it unlawful to "travel[] in interstate commerce . . . for the purpose of engaging in any illicit sexual conduct with another . . . ." We have not previously addressed the relationship between the purpose and travel elements under this statute. In interpreting this subsection, we find instructive our precedent interpreting the pre-1986 version of the Mann Act, 18 U.S.C. § 2421, which is part of the same legislative framework and contained the same "for the purpose of" language.[1] See United States v. Garcia-Lopez, 234 F.3d 217, 220 n.3 (5th Cir. 2000) (adopting similar approach); Vang, 128 F.3d at 1069-1070 (same); Ellis, 935 F.2d at 389-90 (same); see also Gustafson v. Alloyd Co., Inc., 513 U.S. 561, 570 (1995) (noting the "normal rule of statutory construction" that "identical words used in different parts of the same act are intended to have the same meaning" (citation omitted)).

---

[1]Section 2423 is based mainly on The Mann Act, which in its current version prohibits the knowing transportation of any person in interstate commerce with the intent to engage in prostitution or other criminal sexual activity. 18 U.S.C. § 2421. The Mann Act originally included a "purpose" test; it was amended in 1986 to remove that test and to replace it with the current "intent" test. Section 2423 was later amended in 1994 to add subsection (b), which uses the former "for the purpose of" language. See generally, United States v. Vang, 128 F.3d 1065, 1069-70 (7th Cir. 1997).

In Forrest v. United States, 363 F.2d 348, 349 (5th Cir. 1966), the former Fifth Circuit[2] stated that, to convict under the Mann Act, the Government need not prove that the illicit purpose was the sole purpose of the transportation. Instead, it was sufficient that the illicit purpose was "one of the efficient and compelling purposes in the mind of the accused." Id. at 350. Rejecting the defendant's contention that his immoral purpose was "merely incidental" and thus insufficient to support the conviction, the court affirmed the trial court's conclusion that "one purpose" of the trip was for prostitution. Id. at 350-52.

Guided by this precedent, we conclude that the district court's jury instructions were not legally inaccurate under section 2423(b). By requiring that the jury find that Defendant's illicit sexual conduct was more than "merely incidental" to his purpose in traveling with Kristina, the district court effectively required that Defendant's illicit purpose be an important purpose of the travel. That the district court did not explicitly use an adjective like "dominant," "compelling," or "efficient" is not fatal to the charge. See, e.g., id. at 352 (upholding conviction under section 2421 where factfinder concluded that "one purpose" was prostitution); United States v. Campbell, 49 F.3d 1079, 1083 (5th

_____

[2]In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981), we adopted as binding precedent all decisions of the former Fifth Circuit as of 30 September 1981.

Cir. 1995) (upholding convictions under both sections 2421 and 2423(b) and stating that "[w]hen no dominant purpose exists, it is because any such purpose was either non-existent or 'incidental'"); Ellis, 935 F.2d at 389-90 (noting that section 2423(b) requires only that illicit purpose be "a" dominant or efficient purpose, and rejecting appellant's contention that jury charge was erroneous where district court charged that illicit purpose must be "one of the several motives or purposes" and was "not a mere incident"). Thus, the district court did not err by refusing to charge the jury that Defendant's illicit purpose must have been a "significant" motivating factor for the travel.

### B. Sufficiency of the Evidence Supporting Conviction

Defendant next contends that the evidence is insufficient to show that the sexual activity with Kristina was an efficient purpose of the trip, arguing that the purpose of the trip was to flee prosecution in Texas. We disagree. The evidence showed that Defendant and Kristina had sexual intercourse almost every day. The evidence also showed that Defendant refused to allow Kristina to stay behind when he announced his intention to leave Texas. And, Kristina testified that Defendant would have had sex with her had they stayed in Georgia long enough.

Based on this evidence, the jury could reasonably infer both that Defendant intended to have sex with Kristina before the conclusion of their trip and that one of the motivating purposes of requiring Kristina to accompany him was to facilitate their sexual relationship. See Ellis, 935 F.2d at 390-91 (upholding conviction under section 2423(a) – but using traditional Mann Act "purpose" analysis – where evidence showed that defendant repeatedly engaged in sexual activity with victim while they were traveling and noting that jury could consider not only the purpose for the trips, but also the defendant's motive for bringing victim). Therefore, substantial evidence supports Defendant's convictions.

## C. Booker Analysis

Last, Defendant contends that his above-guidelines sentence was unreasonable because (1) the guidelines range was presumptively reasonable, and (2) the court failed to consider Defendant's feelings for his son. These assertions are unavailing. We have previously rejected arguments that sentences within the guidelines range are per se reasonable. Talley, 461 F.3d at 786-88. The district court was thus free to impose a higher sentence, as long as the ultimate sentence was reasonable under section 3553(a). United States v. Jordi, 418 F.3d 1212,

1215 (11th Cir. 2005). Here, the district court specifically based the upward variance on the nature, circumstances, and seriousness of the offense; the court also considered the increased need for deterrence, given Defendant's stated intention to continue the relationship and his lack of remorse. These considerations are proper under section 3553(a). Defendant's sentence is reasonable under Booker.

## IV. CONCLUSION

We conclude that the district court's jury instructions were not erroneous, that there is sufficient evidence to support Defendant's convictions, and that Defendant's sentence is reasonable under Booker. Defendant's conviction and sentence are therefore

AFFIRMED.