# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER R. KEARNS**
**United States Army, Appellant**

ARMY 20110348

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate (pretrial & addendum)
Lieutenant Colonel Oren H. McKnelly, Acting Staff Judge Advocate
(recommendation)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Jessica J. Morales, JA (on brief).

17 April 2013

------------------------------------
OPINION OF THE COURT
------------------------------------

KRAUSS, Judge:

A panel of officers sitting as a general court-martial properly tried appellant in absentia, and convicted him, contrary to his pleas of not guilty properly entered, of false official statement, aggravated sexual assault of a child, transportation of a minor for illegal sexual activity (as defined by 18 U.S.C. § 2423(a)), and disorderly conduct, in violation of Articles 107, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920, 934 (2006 & Supp. II 2008) [hereinafter UCMJ].[1] The convening authority approved the adjudged sentence to a bad-conduct discharge,

------

[1] Charges of conspiracy to transport minors under Articles 81 and 134, UCMJ, were dismissed by the judge, and the panel acquitted appellant of adultery.

confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is now before this court for review under Article 66, UCMJ. Appellant assigns as error that the evidence is legally and factually insufficient to support his conviction for transportation of a minor and that his conviction for disorderly conduct is invalid under application of the preemption doctrine. He also raises a number of issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After examining the record of trial, considering the parties' briefs and matters raised pursuant to *Grostefon*, we agree with the parties on the propriety of dismissing the disorderly conduct charge but otherwise find the findings and sentence correct in law and fact.

Appellant's assigned error relative to the transportation of a minor warrants discussion and we here decide the intent required to convict under 18 U.S.C. § 2423(a).

## BACKGROUND

Appellant twice had sexual intercourse with a minor, KO, in Pennsylvania. KO was fifteen years old at all relevant times in this case and the sister-in-law of appellant's brother. Appellant had known the girl for several years. Not long after appellant engaged in sexual intercourse with KO he returned to Texas. Soon thereafter he arranged for KO to accompany another of his paramours, NA, in a car from Pennsylvania to Texas. Once in Texas, police authorities arrested NA and placed KO and one of her friends in detention as runaways. The Texas police contacted Army law enforcement authorities and requested their assistance, asking that Criminal Investigation Command (CID) agents interview appellant. This request was apparently inspired by KO's statement that she was on her way to visit appellant.

The Department of the Army detective who then interviewed appellant testified that the Texas police agent suspected that human trafficking might be involved. The detective did not read appellant his Article 31, UCMJ, rights and testified that he did not so advise appellant because he did not suspect appellant of any offense. Appellant proceeded to render a statement in which he denied any part in the minor's transportation whatsoever. Defense counsel made no motion to suppress this unwarned statement.

Sometime later appellant was again interviewed by different CID agents, informed that he was suspected of aggravated sexual assault of a child and advised of his Article 31 rights. He waived those rights and during the course of a lengthy interview initially characterized his relationship with KO as purely familial, platonic and mentoring. He described himself as fulfilling the role of guidance counselor to KO and that his reason for carrying on a friendship with KO was to help her. She

was inclined to self-abuse, expressed depressed and suicidal thoughts, and claimed that appellant's brother had raped and abused her.

In both the initial and second interview appellant, at length, described his motives as altruistic. He essentially stated that he wanted to help KO.

There is no doubt KO complained that appellant's brother raped her and repeated that complaint to the authorities in Pennsylvania as well as to appellant. These claims turned out to be false. There is also no doubt that KO wanted to be with appellant in Texas. She claimed, however, that neither she nor appellant intended to have sex again before she turned eighteen. Prior to her departure from Pennsylvania, KO and appellant frequently talked by phone and KO admitted to sending appellant a photograph of her naked breast by text message.

Ultimately, appellant admitted to previously having sexual relations with KO but never made any admission about transporting her over state lines with the intent to engage in illegal sex with her.

Specification 1 of Charge III, in this case, alleged:

> SPC Christopher Kearns . . . did, at or near Fort Bliss, Texas, and Pennsylvania, between on or about 1 January 2010 and 5 February 2010, wrongfully and knowingly transport [KO], an individual who has not attained 18 years of age, in interstate commerce in violation of 18 U.S.C. 2423(a), with intent that [KO] would engage in sexual intercourse with SPC Kearns, a criminal offense, to wit: Aggravated Sexual Assault of a Child in violation of Article 120, Uniform Code of Military Justice.

The defense argued that he did not transport KO with the intent that she engage in illegal sex but rather that he transported KO with the intent to rescue her from abuse.

Without objection or request for additional instruction the military judge instructed the panel that in order to convict appellant of the transportation offense they had to find:

> beyond any reasonable doubt that between on or about 1 January 2010 and 5 February 2010, at or near Fort Bliss, Texas and Pennsylvania, [NA] wrongfully and knowingly transported KO in interstate commerce; that at the time of the transportation KO was less than 18 years old; that at the time of the transportation the accused intended that KO would engage in illegal sexual activity, to wit: sexual intercourse with the accused; that at the time Title 18

3

United States Code Section 2423(a) was in existence; and
that the accused knowingly and willfully aided and abetted
[NA] in transporting [KO] in interstate commerce.

The judge proceeded to instruct on principal liability, that the offense required appellant to possess the "specific intent to engage in sexual intercourse with [KO] knowing she was a minor," offered the elements of the allegedly intended aggravated sexual assault offense,[2] and further definitions including that "to transport in interstate commerce means to move or carry someone or cause someone to be moved or carried from one state to another."[3]

## LAW AND DISCUSSION

The statutory provision alleged under Article 134, Clause 3, in this case, was subsection (a) of 18 U.S.C. § 2423, "Transportation of Minors,"[4] provides:

> TRANSPORTATION WITH INTENT TO ENGAGE IN CRIMINAL
> SEXUAL ACTIVITY.—A person who knowingly transports an
> individual who has not attained the age of 18 years in
> interstate or foreign commerce, or in any commonwealth,
> territory or possession of the United States, with intent
> that the individual engage in prostitution, or in any sexual
> activity for which any person can be charged with a
> criminal offense, shall be fined under this title and
> imprisoned not less than 10 years or for life.

Appellant argues that the evidence is insufficient to prove that any intent he may have had to engage in illegal sexual activity with KO was a motivating, compelling, or significant purpose for transporting KO across state lines, culling definition of the intent required from various federal circuit courts of appeals.[5] Indeed the parties neither offer nor do we find any published military justice opinion relative to the intent required to convict under 18 U.S.C. § 2423(a). Neither do we

---

[2] The judge properly included instruction that this offense required proof that at the time of the intended sexual intercourse KO must not have attained the age of sixteen years.

[3] We need not and do not decide here whether the judge's instruction requiring that appellant know KO was a minor to be guilty of the offense charged was correct.

[4] This statute is still popularly known as the Mann Act.

[5] The evidence is certainly sufficient to establish his transportation of KO as a principal under Article 77, UCMJ.

find any circuit that has addressed the matter to hold that the singular purpose of transporting a minor must be that the minor engage in illegal sexual activity. Rather the circuits are in essential agreement that an accused must entertain the intent that the minor engage in unlawful sexual activity as *a* purpose of the transportation not necessarily *the* purpose. *See, e.g.*, *United States v. Hayward*, 359 F.3d 631, 638 (3rd Cir. 2004) (collecting cases and discussing dominant versus significant or motivating purpose).

Though the circuits employ various formulations to describe the quality of intent required, fundamental agreement on the subject in those courts prevails. *Id.*; *United States v. McGuire*, 627 F.3d 622, 624–625 (7th Cir. 2010) (discussing the evolution of the Mann Act and the various formulas used to interpret the intent required in light of dictum in *Mortensen v. United States*, 322 U.S. 369, 374 (1944), where the Supreme Court "said that engaging in forbidden sexual activity 'must be the dominant purpose of such interstate movement'").[6] We agree with the court in *McGuire* and decline to adopt any such formula as unnecessary. As long as the illegal sexual activity is a purpose of the transport and not merely incidental to the travel, the requisite intent is met. *See, e.g.*, *United States v. Campbell*, 49 F.3d 1079, 1083 (5th Cir. 1995).

We need not contort language to properly apply the law; if you transport a minor, with the intent that the minor engage in illegal sexual activity, whether that activity be the sole purpose of the transport or one of many, you are guilty of the offense. *See, e.g.*, *United States v. Tavares*, 705 F.3d 4, 17 (1st Cir. 2013). The evidence in this case is sufficient to prove the appellant entertained that intent. He had already engaged in illegal sexual activity with KO before he arranged for her transportation across state lines. Her feelings for him were romantic and she sent him a sexually suggestive photograph prior to her departure. His initial dishonest denial of any role in her transportation[7] and dishonest characterization of his

---

[6] *See also United States v. Broxmeyer*, 616 F.3d 120, 128–130 (2d Cir. 2010); *United States v. Bennett*, 364 F.2d 77, 78–79 (4th Cir. 1966); *United States v. Harris*, 480 F.2d 601, 602 (6th Cir. 1973); *United States v. Hoffman*, 626 F.3d 993, 996 (8th Cir. 2010); *Ghadiali v. United States*, 17 F.2d 236, 237 (9th Cir. 1927); *United States v. Meacham*, 115 F.3d 1488, 1495–96 (10th Cir. 1997); *United States v. Hoschouer*, 224 F.App'x 923, 926–27 (11th Cir. Apr. 3, 2007) (unpub.); *cf. United States v. Miller*, 148 F.3d 207, 212–13 (2d Cir. 1998) (maintaining that the motive of illegal sex must "predominate" over other purposes of transport; criticized in *McGuire*).

[7] Pursuant to *Grostefon*, appellant alleges that his defense counsel was constitutionally ineffective for failing to make a motion to suppress his first and unwarned statement to law enforcement on the subject. Because the record reveals a tactical choice for such failure (presenting an innocent explanation for the transport), and appellant fails "to show that his counsel would have been successful

(continued . . .)

relationship with KO as merely that of a "guidance counselor," mentor and platonic friend intending only to help her cope with her problems removes any reasonable doubt about the fact that at least one purpose of arranging for KO's transport from Pennsylvania to Texas was to further commit criminal acts of sex with the girl. We do not accept appellant's assertion that the purpose of transporting KO was to facilitate her escape from further abuse at the hands of his brother[8] and find his conviction for a violation of 18 U.S.C. § 2423(a), under Article 134, correct in law and fact. *See, e.g.*, *United States v. Garcia-Lopez*, 234 F.3d 217, 220 (5th Cir. 2000); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

## CONCLUSION

On consideration of the entire record, the parties' briefs, and those matters raised pursuant to *Grostefon*, the finding of guilty of Specification 2 of Charge III (as redesignated) is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence based on the error noted and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

(. . . continued)
if he had filed a timely motion," we need not address the issue further. *United States v. Jameson*, 65 M.J. 160, 163–64 (C.A.A.F. 2007); *see United States v. Mazza*, 67 M.J. 470, 474–75 (C.A.A.F. 2009).

[8] Nor do we find KO's assertion that she and appellant planned to wait until she reached the age of eighteen before engaging in any further sexual activity to be credible.