UNITED STATES, Appellee

v.

Christopher R. KEARNS, Specialist
U.S. Army, Appellant

No. 13-0565

Crim. App. No. 20110348

United States Court of Appeals for the Armed Forces

Argued January 14, 2014

Decided March 21, 2014

OHLSON, J., delivered the opinion of the Court, in which BAKER, C.J., and ERDMANN, STUCKY, and RYAN, JJ., joined.

Counsel

For Appellant: Captain Ian M. Guy (argued); Colonel Kevin Boyle, Lieutenant Colonel Peter Kageleiry Jr., and Major Vincent T. Shuler (on brief); Major Jacob D. Bashore and Captain A. Jason Nef.

For Appellee: Captain Samuel Gabremariam (argued); Colonel John P. Carrell, Lieutenant Colonel James L. Varley, and Major Catherine L. Brantley (on brief); Captain Jessica J. Morales.

Military Judge: David H. Robertson

**This opinion is subject to revision before final publication.**

Judge OHLSON delivered the opinion of the Court.

We granted review in this case to determine whether the evidence adduced at trial was legally sufficient to prove that, under the provisions of 18 U.S.C. § 2423(a) (2006), Appellant had the requisite intent to engage in criminal sexual activity with a minor when Appellant facilitated that minor's travel in interstate commerce. We hold that the evidence of Appellant's intent was legally sufficient, and thus we affirm his conviction under Specification 1 of Charge III.

During the relevant time period, Appellant was a twenty-two-year-old soldier stationed at Fort Bliss, Texas. In both November and December of 2009, while Appellant was home on leave in Pennsylvania, he had sexual intercourse with K.O. K.O. was fifteen years old at the time and Appellant knew she was a minor. When Appellant returned to Fort Bliss, Appellant and K.O. stayed in contact via text messages and phone calls.

At some point in their relationship, K.O. falsely told Appellant that she had been sexually assaulted by a family member. Thereafter, in January 2010, Appellant paid a female friend to transport K.O. from Pennsylvania to Texas. However, before the friend and K.O. (along with another minor female) reached the Fort Bliss area, they were stopped by Texas law enforcement for a traffic violation. The police determined that K.O. and the other young female were minors and possible

2

runaways.  Pursuant to the ensuing investigation, Appellant was charged at his court-martial with making a false official statement, aggravated sexual assault of a child, wrongful transportation of a minor through interstate commerce, disorderly conduct, and adultery, in violation of Articles 107, 120, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 920, 934 (2006).

At trial, Appellant argued that his purpose in facilitating K.O.'s travel across state lines was to remove her from a sexually abusive environment.  However, contrary to his pleas, a panel of officers sitting as a general court-martial convicted Appellant of all charges and specifications except the adultery specification.  The panel sentenced Appellant to confinement for four years, reduction to the grade of E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.  The convening authority approved the sentence as adjudged.

Upon review, the United States Army Court of Criminal Appeals set aside the disorderly conduct conviction, but it affirmed the remaining charges and specifications as well as the sentence.  United States v. Kearns, 72 M.J. 586, 589 (A. Ct. Crim. App. 2013).  On Appellant's petition we granted review.

Central to our analysis of this case is a determination of the meaning of 18 U.S.C. § 2423(a) which prohibits a person from knowingly transporting a minor in interstate commerce "with

intent" to engage in criminal sexual activity.  Appellant urges this Court to hold that the phrase "with intent" required the Government to prove that Appellant's "dominant," "predominant," "significant," or "efficient and compelling" reason for transporting K.O. across states lines was to have sex with her, and to further hold that the Government failed to meet this burden at trial.  We decline to do so.  Rather, we hold that as long as illegal sexual activity is a purpose for transporting a minor across state lines, and is not merely incidental to the travel, the intent element of 18 U.S.C. § 2423(a) is met.  We further hold that the Government met its burden in proving the necessary intent in this case, and that the mens rea of intent coincided with the actus reus of crossing state lines. Therefore, for the reasons set forth below, we affirm Appellant's conviction.

                              BACKGROUND

     Appellant and K.O. grew up in the same small town in Pennsylvania and had known each other for many years.  In fact, Appellant's brother was married to K.O.'s sister, and K.O. lived with the couple.  During the time period relevant to this case, Appellant was twenty-two years old and K.O. was a fifteen-year-old minor.

     In late 2009, while Appellant was home on leave at Thanksgiving, he and K.O. started spending a lot of time

                                  4

together.  Ultimately, Appellant had sexual intercourse with K.O.  Before Appellant returned to his duty station at Fort Bliss, Texas, he bought K.O. a phone so that they could stay in contact.

Over the next several weeks, Appellant and K.O. talked by telephone every day.  During one conversation, K.O. told Appellant that Appellant's brother had sexually assaulted her in the past.[1]  Appellant discussed this situation with K.O. for several hours, but at no time did he urge her to report the sexual assaults to a school official, to call the police, or to move out of the house.[2]

In December 2009, Appellant again was home on leave, but he took no steps to help K.O. remove herself from the allegedly abusive situation at home.  However, Appellant did have sexual intercourse with K.O. again.  In one instance he climbed up a ladder-type porch railing to K.O.'s second-story bedroom window

---

[1] K.O. later admitted that the allegations of sexual abuse were false.  She said that she lied because she wanted an excuse to run away to Texas and continue her relationship with Appellant.
[2] The precise timing of this conversation is not apparent in the record.  The Appellant said in a sworn statement that K.O. made these false allegations of sexual abuse in December 2009. However, trial testimony from a friend of Appellant's suggests that the allegations did not become publicly known until January 2010 (although this witness did not address when Appellant first became aware of the allegations).  Further, trial testimony from K.O. does not state clearly when she first made the allegations. Ultimately, the outcome of this case is not dependent on the exact timing of this particular conversation.

at approximately three o'clock in the morning, and in another instance he had sex with K.O. in a car.

When his leave was over, Appellant returned to Fort Bliss. He continued to speak to K.O. every day, and the two regularly ended their calls with "I love you." Further, K.O. sent a text message to Appellant with a photo of her naked breast. Appellant did not tell K.O. that the photo was inappropriate, nor did he ask her to stop sending him this type of material.

At some point during this time period, Appellant spoke to his brother and asked him if K.O.'s sexual assault allegations were true. Appellant's brother assured him that they were not. Nevertheless, K.O. began telling Appellant that she was considering running away from home or committing suicide.

In January 2010, Appellant talked to a female friend about K.O.'s situation. Although this woman was married to another soldier, she had an ongoing sexual relationship with Appellant and was a local stripper. This woman agreed to bring K.O. to Texas and have K.O. stay with her. Appellant eventually paid her more than $700 for this service.

At the end of January 2010, as Appellant's friend drove home from a family trip to New York, she picked up K.O. and another female minor in Pennsylvania. When Appellant's friend reached Texas, she was pulled over by local police for a traffic violation. The police determined that K.O. and the other female

minor were possible runaways and launched an investigation that resulted in the instant charges.[3]

As this case unfolded, Appellant admitted that he had engaged in sexual intercourse with K.O., but averred that he was drunk each time and that K.O. initiated the sexual encounters. Appellant also stated that his purpose in paying to have K.O. brought to Texas was to protect her from future sexual abuse by his brother, and that prior to K.O.'s departure from Pennsylvania the two of them had agreed that they would no longer engage in sexual activity until K.O. reached eighteen years of age.

## DISCUSSION

Appellant argues that the evidence against him was not legally sufficient to sustain his conviction.[4] We review such challenges to the legal sufficiency of the evidence de novo.

---

[3] At issue in this case is Specification 1 of Charge III, in which Appellant was charged under clause 3 of Article 134, UCMJ, with violating 18 U.S.C. § 2423(a), which prohibits the transportation of minors in interstate commerce with intent to engage in criminal sexual activity.

[4] We granted review of the following issue:

> Whether the evidence was legally sufficient to prove that Appellant had the intent to engage in criminal sexual conduct with KO, a minor, when he facilitated KO's travel in interstate commerce and was found guilty in Specification 1 of Charge III of violating 18 U.S.C. section 2423(a).

United States v. Kearns, 73 M.J. __ (C.A.A.F. 2013) (order granting review).

United States v. Kearns, No. 13-0565/AR

United States v. Bennitt, 72 M.J. 266, 268 (C.A.A.F. 2013).

"The standard for determining the legal sufficiency of evidence supporting a guilty verdict is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Mack, 65 M.J. 108, 114 (C.A.A.F. 2007) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).

We begin our review by noting that Appellant was charged under clause 3 of Article 134, UCMJ, with violating 18 U.S.C. § 2423(a), which states in pertinent part:

> A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2423(a).[5]

Although Appellant did not have sex with K.O. after she was

---

[5] The criminal sexual activity in this case consisted of intended violations of Article 120, UCMJ, specifically aggravated sexual assault of a child and aggravated sexual contact with a child. Article 120(d), (g), UCMJ, 10 U.S.C. § 920(d), (g) (2006) (amended by National Defense Authorization Act for Fiscal Year 2006, Pub. L. 109-163, 119 Stat. 3136, 3257 (2006)) (the punitive articles under which Appellant was charged have been replaced or superseded by Article 120b, UCMJ, 10 U.S.C. § 920b (2012)). Texas statutes also criminalize the act of sexual contact or sexual intercourse with a person between the ages of fourteen and seventeen by someone more than three years older. Tex. Penal Code Ann. §§ 21.11, 22.011 (West 2014).

transported across state lines, there is no requirement under this statute that the intended unlawful sexual activity actually occurred.  United States v. Vargas-Cordon, 733 F.3d 366, 375–76 (2d Cir. 2013) (quoting United States v. Broxmeyer, 616 F.3d 120, 129 n.8 (2d Cir. 2010)).  Rather, all that is required is "that the mens rea of intent coincide[d] with the actus reus of crossing state lines."  Broxmeyer, 616 F.3d at 129.

In regard to this mens rea element, Appellant argues that the evidence adduced at trial failed to demonstrate that he possessed the level of intent required to sustain a conviction under the provisions of 18 U.S.C. § 2423(a).  Specifically, Appellant asserts that the Government was required to prove that his "dominant," "predominant," "significant," or "efficient and compelling" reason for transporting K.O. across state lines was to engage in criminal sexual activity, but the Government failed to do so.

In furtherance of his argument, Appellant states that the Government placed undue emphasis on the significance of his prior sexual history with K.O.  He first claims that K.O. initiated each sexual contact with Appellant while he was drunk, and he then alleges that, prior to her departure from Pennsylvania, K.O. and Appellant had agreed that they would no longer engage in sexual activity until K.O. turned eighteen. Appellant also points to the fact that he permitted another

minor female, who was K.O.'s friend and who also claimed she had been suffering from abuse at home, to accompany K.O. on the trip from Pennsylvania to Texas.  Appellant argues this fact demonstrates that his dominant motive in this enterprise was simply to assure both girls' safety.

In examining the merits of Appellant's argument, we must first focus on the proper meaning of the phrase "with intent" as it is used in § 2423(a).  This is a question of first impression for this Court.  However, it is axiomatic that "[i]n determining the scope of a statute, we look first to its language."  United States v. Turkette, 452 U.S. 576, 580 (1981).  Where the language of the statute is clear and "Congress has directly spoken to the precise question at issue," we must "give effect to the unambiguously expressed intent of Congress."  Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).  As further stated by the Supreme Court, "It is well established that 'when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'"  Lamie v. United States Tr., 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)) (internal quotation marks and citations omitted).  There is no rule of statutory construction that allows for a court to append additional language as it sees

fit.  Fides, A.G., v. Comm'r, 137 F.2d 731, 734–35 (4th Cir. 1943) ("[C]ourts should be extremely cautious not to add words to a statute that are not found in the statute.").

Despite these rules of construction, various federal courts have added their own requirements to the statutory language of § 2423(a).  For example, both the United States Courts of Appeals for the Second Circuit and the Ninth Circuit require the prosecution to show that illegal sexual activity was one of the "dominant purposes" of the transportation of the minor.  Vargas-Cordon, 733 F.3d at 375–76; United States v. Kinslow, 860 F.2d 963, 967–68 (9th Cir. 1988).  The United States Courts of Appeals for the Fifth Circuit and the Tenth Circuit require instead that the illegal sexual activity be "one of the efficient and compelling purposes of the travel."  United States v. Hitt, 473 F.3d 146, 152 (5th Cir. 2006) (citation and internal quotation marks omitted); United States v. Meacham, 115 F.3d 1488, 1495 (10th Cir. 1997).  The United States Court of Appeals for the Third Circuit, in United States v. Hayward, allowed yet another formulation.  359 F.3d 631, 638 (3d Cir. 2004).  The Hayward court ruled that it was not error for the trial court to use a jury instruction with the language "a

United States v. Kearns, No. 13-0565/AR

significant or motivating purpose of the travel." Id. (internal quotation marks omitted).[6]

We do not adopt any of these approaches. First and foremost, "dominant," "efficient and compelling," "significant," and "motivating" are not terms found in the text of § 2423(a). And second, other circuits have not added the same or similar modifiers to the statutory language when they have examined this issue. Rather, these appellate courts have held that the illegal sexual conduct referred to in § 2423(a) must simply be "one of the purposes" for the interstate transportation. See United States v. Goodwin, 719 F.3d 857, 862 (8th Cir. 2013); United States v. Tavares, 705 F.3d 4, 17 (1st Cir. 2013); United States v. Hoschouer, 224 F. App'x 923, 926 (11th Cir. 2007);

---

[6] These approaches to § 2423 are likely based on language from the Supreme Court's decision in Mortensen v. United States, 322 U.S. 369 (1944). In that case the defendant was charged under the original Mann Act (enacted in 1910), which prohibited the transportation of women across state lines "for the purpose of" illegal sexual activity. Act of June 25, 1910, § 2, 36 Stat. 825 (1910) (amended 1986). In Mortensen, the Supreme Court said that the "for the purpose of" provision meant the illegal sexual activity must be the "dominant motive" of the interstate movement. 322 U.S. at 374. Then, in 1986, Congress not only created § 2423(a), which is at issue in the instant case, but also recodified the Mann Act at § 2421. Importantly, Congress also replaced the "for the purpose of" language in § 2421 with the phrase "with intent that," thereby making the standard of intent identical in both sections. 18 U.S.C. §§ 2421, 2423(a) (2012). However, the bottom line is that the "dominant motive" standard enunciated in Mortensen was based on different statutory language than that in issue in this case. Therefore, we do not rely on the "dominant motive" standard enunciated in Mortensen in reaching our decision.

United States v. Kearns, No. 13-0565/AR

United States v. Cole, 262 F.3d 704, 709 (8th Cir. 2001); United States v. Bennett, 364 F.2d 77, 78–79 & n.4 (4th Cir. 1966).[7] We agree with this approach.

Simply stated, § 2423(a) is clear on its face, and thus we decline to graft additional modifiers onto it. Accordingly, we hold that the proper reading of § 2423(a) is that as long as the illegal sexual activity is a purpose of the transportation across state lines, and not merely incidental to the travel, the intent element of § 2423(a) is met. Thus, contrary to Appellant's argument, § 2423(a) does not require any showing of "sole purpose," "dominant motive," or a "significant," or "efficient and compelling" reason.

As a result, as long as the above-mentioned mens rea of intent coincided with the actus reus of crossing state lines, there has been a violation of the statute. Broxmeyer, 616 F.3d at 129. In this case there was sufficient evidence to establish both. This is particularly true in light of the fact that, when reviewing for legal sufficiency, "this Court is bound to draw every reasonable inference from the evidence of record in favor of the prosecution," United States v. Blocker, 32 M.J. 281, 284 (C.M.A. 1991), and the Government was free to prove Appellant's intent by circumstantial evidence. Brooks v. United States, 309

---

[7] See also United States v. McGuire, 627 F.3d 622, 624–25 (7th Cir. 2010) (raising questions about the logic of the "dominant purpose" test).

13

F.2d 580, 583 (10th Cir. 1962) ("The conduct of the parties within a reasonable time before and after the trip are circumstances which a jury may consider in determining such intent, motive or purpose." (citing Dunn v. United States, 190 F.2d 496 (10th Cir. 1951))).

The record in this case shows:  that Appellant had sexual intercourse with K.O. on at least two occasions in the two months prior to the point when he orchestrated her transportation across state lines; that Appellant went so far as to climb in the second-story window of K.O.'s bedroom in order to have sex with her; that shortly before the trip K.O. sent Appellant a photo of her naked breast and Appellant did not object to this action; that Appellant paid a stripper with whom he had a sexual relationship a substantial sum of money to transport K.O. to Texas; and that Appellant planned to have K.O. live near him.  These are all facts that the panel could have considered and relied upon in reaching its decision that Appellant transported K.O. across state lines "with intent" to engage in illegal sexual activity with her.

Accordingly, we hold that there was sufficient evidence for the panel to conclude beyond a reasonable doubt that Appellant facilitated the transportation of a minor across state lines with intent that she engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a).

United States v. Kearns, No. 13-0565/AR

DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.