*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, GANNON, and FLINTOFT

Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Ke'Trick T. HAYES**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202400059**

_____

Decided: 19 November 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
John L. Ferriter

Sentence adjudged 3 November 2023 by a special court-martial convened at Marine Corps Air Station, Miramar, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a reprimand.

For Appellant:
*Lieutenant Jesse B. Neumann, JAGC, USN*

For Appellee:
*Lieutenant Stephanie N. Fisher, JAGC, USN*
*Lieutenant Commander James P. Wu Zhu, JAGC, USN*

Judge GANNON delivered the opinion of the Court, in which Senior Judge KISOR and Judge FLINTOFT joined.[1]

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

———————————————

GANNON, Judge:

Appellant was convicted, contrary to his pleas, of one specification of willful disobedience of a noncommissioned officer in violation of Article 91, Uniform Code of Military Justice (UCMJ).[2] The military judge sentenced Appellant to a reprimand.

This case is before us on direct appeal pursuant to Article 66(b)(1)(A), UCMJ. Appellant asserts two assignments of error (AOEs): (1) whether the evidence is legally sufficient to sustain Appellant's conviction for willful disobedience under Article 91 where the order issued was not lawful; and (2) whether the evidence is factually sufficient to sustain Appellant's conviction for willful disobedience under Article 91 where the noncommissioned officer abandoned the authority of his rank.

## I. BACKGROUND

Appellant and Sergeant Major A. C. had a heated discussion in the offices of the recruiting station in San Francisco regarding Appellant's job performance. Appellant, evidently frustrated by the interaction he had with Sergeant Major A. C., expressed his displeasure, and departed the room in an impolite manner.[3] Sergeant Major A. C. ordered him to stop and to stand at parade rest.[4] The order was clear and Appellant heard it. But Appellant continued to walk away, and Sergeant Major A. C. repeated the order multiple times and

———————————————

[1] The Court appreciates the contributions of 2ndLt Lawrence Lin, U.S. Marine Corps, and Mr. Jack Bracher.

[2] 10 U.S.C. § 891.

[3] R. at 167-68.

[4] R. at 95.

even followed Appellant into the hallway.[5] Appellant continued to disregard Sergeant Major A C.'s orders to stand at parade rest.[6]

## II. DISCUSSION

### A. The Evidence is Legally Sufficient to Sustain a Conviction.

*1. Standard of review.*

We review questions of legal sufficiency de novo.[7] The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[8] This legal sufficiency assessment draws every reasonable inference from the evidence of record in favor of the prosecution.[9] As such, the standard for legal sufficiency involves a very low threshold to sustain a conviction.[10]

The elements of Article 91 as charged in this case are: (1) that the accused was an enlisted member; (2) that the accused received a certain lawful order from a noncommissioned officer to stand at parade rest; (3) that the accused knew Sergeant Major A. C. was a noncommissioned officer; (4) that the accused had a duty to obey the order; and (5) that the accused willfully disobeyed the order.[11]

Whether an order is lawful is likewise a question of law that we review de novo.[12] Orders are clothed with an inference of lawfulness. "An order requiring the performance of a military duty or act may be inferred to be lawful and it is disobeyed at the peril of the subordinate. This inference does not apply to a patently illegal order, such as one that directs the commission of a crime."[13] A lawful order must have a valid military purpose.

---

[5] R. at 96, 99.

[6] R. at 96.

[7] *United States v. Kearns*, 73 M.J. 177, 180 (C.A.A.F. 2014).

[8] *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (quoting *United States v. Gutierrez*, 73 M.J. 172, 175 (C.A.A.F. 2014)).

[9] *Id.* (quoting *United States v. Robinson*, 77 M.J. 294, 298 (C.A.A.F. 2018)).

[10] *Id.* (quoting *United States v. Navrestad*, 66 M.J. 262, 269 (C.A.A.F. 2008) (Effron, C.J., joined by Stucky, J., dissenting)).

[11] Charge Sheet; *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, para. 17.b.(2) at IV-25.

[12] *See United States v. New,* 55 M.J. 95, 107 (C.A.A.F. 2001).

[13] *MCM*, pt. IV, para. 16.c.(2)(a)(i) at IV-24.

To have a valid military purpose the "order must relate to military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and usefulness of members of a command and be directly connected with the maintenance of good order in the Service."[14]

The essential attributes of a lawful order include: (1) issuance by competent authority–a person authorized by applicable law to give such an order; (2) communication of words that express a specific mandate to do or not do a specific act; and (3) relationship of the mandate to a military duty.[15]

*2. Analysis.*

Appellant contends that Sergeant Major A. C.'s order to stand at parade rest was unlawful, and the conviction therefore rests on a legal insufficiency. Having reviewed the lawfulness of this order de novo, we disagree. Regarding the other elements of Article 91, we find that at the time of the alleged offense, Appellant knew Sergeant Major A. C. was a senior noncommissioned officer.[16] Sergeant Major A. C. repeatedly issued the clear directive—"stand at parade rest"—loud enough to be heard. The military judge properly found that that Appellant willfully disobeyed the order by not standing at parade rest.[17] Thus, in viewing the evidence in the light most favorable to the Government, a reasonable factfinder could have found the elements of willful disobedience beyond a reasonable doubt. Accordingly, the conviction is legally sufficient.

## B. The Evidence is Factually Sufficient to Sustain a Conviction.

*1. Standard of review.*

To trigger factual sufficiency review, an appellant must make a specific showing of a deficiency of proof.[18] In other words, Appellant must: (1) assert a factual sufficiency error and (2) show a specific deficiency in proof. A specific deficiency in proof is a weakness in the evidence admitted at trial to support an element (or more than one element) and explain why, on balance, the evidence (or lack thereof) admitted at trial contradicts a guilty finding.[19]

---

[14] *MCM*, pt. IV, para. 16.c.(2)(a)(iv) at IV-24.

[15] *MCM*, pt. IV, paras. 16.c.(2)(a)(iii)-(iv); 16.c.(2)(d) at IV-24 .

[16] App. Ex. XXXI at 3.

[17] App. Ex. XXXI at 3-4.

[18] Art. 66(d)(1)(B)(i).

[19] *See generally United States v. Harvey,* 85 M.J. 127, 132 (C.A.A.F. 2024).

If a specific showing is made, the Court weighs the evidence and determines controverted questions of fact subject to "appropriate deference to the facts that the trial court saw and heard the witnesses and other evidence."[20]

The Court must be clearly convinced the guilty finding was against the weight of the evidence before it may set aside the finding.[21] In other words, if this Court reverses the finding of this special court-martial, the Court must decide that the evidence, as it has weighed it, does not prove that Appellant is guilty beyond a reasonable doubt and the Court must be clearly convinced of the correctness of that decision.[22]

*2. Analysis.*

We assume, without deciding, that Appellant's pointing to conflicting testimony in raising the affirmative defense of abandonment of rank, is sufficient to making a specific showing of a deficiency in proof.[23] In asserting this defense, Appellant argues that it militates to the conclusion that the evidence is factually insufficient to sustain his conviction for willful disobedience. For its part, the Government contends that Appellant does not make a specific showing of a deficiency in proof.[24]

We give appropriate deference, as we must, to the fact that the military judge saw and heard the witnesses and also to the fact that the military judge rejected Appellant's abandonment of rank argument in his special findings.[25] Based on the testimonial nature of the evidence, the degree of deference in both respects is high. We are not clearly convinced that the verdict is against the weight of the evidence.

---

[20] Art. 66(d)(1)(B)(ii)(I), UCMJ.

[21] Art. 66(d)(1)(B)(iii); *See Harvey*, 85 M.J. at 132.

[22] *Harvey*, 85 M.J. at 132.

[23] *See generally* Appellant's Brief at 29.

[24] *See* Government's Brief at 21.

[25] App. Ex. XXXI at 5; Art. 66(d)(1)(B)(ii)(II).

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[26]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[26] Articles 59 & 66, UCMJ.