# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Ronald J. BENTON**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202400332**

———————————

Decided: 5 June 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
William J. Mossor

Sentence adjudged 16 April 2024 by a special court-martial tried at Marine Corps Air Station Cherry Point, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 14 days.[1]

For Appellant:
*Lieutenant Commander Marc D. Hendel, JAGC, USN*

---

[1] Appellant was credited with 11 days of pretrial confinement and 11 days of judicially-ordered confinement credit.

*9 June 2026:  Administrative Correction of typographical error in footnote 22.*

For Appellee:
*Lieutenant Michael G. Osborn, JAGC, USN*
*Major Mary Claire Finnen, USMC*

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, contrary to his pleas, of one specification of breach of restriction in violation of Article 87b, Uniform Code of Military Justice (UCMJ), and one specification of attempt to escape from custody in violation of Article 80, UCMJ.[2]

Appellant raises three assignments of error (AOEs):

I. **Is the evidence legally sufficient to support Appellant's conviction for attempting to escape from custody when the military judge ruled the underlying custody was illegal?**

II. **Is the evidence factually sufficient to support Appellant's conviction for attempting to escape from custody when there was no direct or credible evidence Appellant was placed in custody or knew he was in custody and the incident occurred a year after the charge alleged it did?**

III. **Is the evidence factually sufficient to support Appellant's conviction for breaching restriction when the**

---

[2] 10 U.S.C. § 887b, 880. Appellant was originally charged with a violation of Article 87a, UCMJ, but the military judge found Appellant not guilty of Article 87a, UCMJ, but guilty to the lesser included offense of Article 80, UCMJ.

**restriction orders did not address exigent circumstances and were admitted without explanation pursuant to a self-authenticating affidavit?[3]**

We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

In late 2023, Appellant found himself in trouble with his command for unauthorized absences that occurred over several months. In February 2024, Appellant's Commanding Officer (CO) ordered him into restriction. The restriction order placed limits on where Appellant could go and prohibited Appellant from operating a vehicle while on restriction. On 21 February 2024, Appellant violated this restriction order when he drove a vehicle to pick up a fellow Marine, who told Appellant that he was too drunk to drive and needed Appellant to pick him up.

Appellant's CO then ordered him into pretrial confinement under Rule for Courts-Martial (R.C.M.) 305. A 7-day review occurred in front of a hearing officer, who released Appellant. On 10 March 2024, Appellant was again alleged to have broken another restriction order. On 18 March, Appellant's CO again ordered Appellant into pretrial confinement. Appellant's Sergeant Major told him that pursuant to the CO's order, Appellant was being placed into pretrial confinement. Appellant was placed in the custody of two brig escorts, including Corporal (Cpl) R., who testified that he received training on the brig escort requirements and procedures, and Lance Corporal (LCpl) B.[4] The brig escorts took Appellant to the base clinic for medical screening prior to taking him to the brig. Gunnery Sergeant (GySgt) B., who was assisting the brig escorts, left separately and planned to meet all of them at the base clinic.

Upon arriving at the clinic entrance, Cpl R. walked ahead of Appellant through the revolving doors, Appellant went next, and LCpl B. followed Appellant. Instead of entering the clinic, Appellant continued to push the revolving door and exited back into the parking lot. Appellant sprinted across the parking lot to get into a waiting car driven by a friend. However, before Appellant and the driver could leave, GySgt B. arrived, stepped in front of the car, and

---

[3] We carefully considered the matters raised by Appellant in his brief regarding the third AOE, raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find it does not require discussion or relief. *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987).

[4] R. at 162.

prevented them from leaving. After some discussion between GySgt B. and Appellant, Appellant exited the car, and with the assistance of members from the Provost Marshal's Office, the brig escorts again took charge of Appellant. Appellant was placed in pretrial confinement, but he was yet again released following the 7-day review hearing.

At trial, Appellant argued at an Article 39(a) motions hearing that he was subjected to unlawful pretrial punishment in accordance with Article 13, UCMJ. Appellant's CO testified at the hearing as to his reasons for ordering Appellant into pretrial confinement. Prior to sentencing, the military judge ruled that the Appellant's CO "inappropriately imposed punishment on the accused prior to trial . . . [and] that the CO's justification for pre-trial confinement was unreasonable."[5] The military judge did not make a finding as to probable cause to order pretrial confinement. Rather, regarding whether Appellant faced illegal pretrial punishment, the military judge found "[t]here may have been enough to justify pre-trial confinement in this case if the command had acted quicker and relied on the actual alleged misconduct."[6] In addition to Appellant's pretrial confinement credit of 11 days, the military judge ordered day-for-day credit based on a violation of Article 13, UCMJ.

## II. DISCUSSION

### A. The Evidence is Legally Sufficient to Support Appellant's Conviction for Attempting to Escape From Custody

We review the legal sufficiency of the evidence de novo.[7] The test for legal sufficiency is whether, "considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt."[8] "As such, '[t]he standard for legal sufficiency involves a very low threshold to sustain a conviction.' "[9] To find Appellant guilty of Article 80, UCMJ, in this case, the military judge had to find beyond a reasonable doubt that: (1) Appellant did a certain overt act; (2) it was

---

[5] R. at 387.

[6] R. at 387.

[7] *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2023) (citing *United States v. Kearns*, 73 M.J. 177, 180 (C.A.A.F. 2014)).

[8] *U.S. v. Turner*, 25 M.J. 324, 324 (C.A.A.F. 1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).

[9] *King*, 78 M.J. at 221 (citing *United States v. Navrestad*, 66. M.J. 262, 269 (C.A.A.F. 2008)).

done with the specific intent to commit the offense of Article 87a, escape from custody; (3) the act was more than mere preparation; and (4) the act apparently tended to effect the commission of escape from custody.[10]

The definition of custody under Article 87a is ". . . restraint of free locomotion imposed by lawful apprehension."[11] Rule for Courts-Martial 302 governs and defines apprehension as "the taking of a person into custody."[12] The rule states that a person ". . . may be apprehended for an offense triable by court-martial upon *probable cause* to apprehend."[13] "Probable cause to apprehend exists when there are reasonable grounds to believe that an offense has been or is being committed and the person to be apprehended committed or is committing it."[14] The rule for who has the authority to apprehend is found under R.C.M. 302(b) and is a question of law to be decided by the military judge.[15] As part of the definition of illegal custody under Article 87a "[a] person may not be convicted of this offense if the custody was illegal. An apprehension effected by one authorized to apprehend is presumed to be lawful in the absence of evidence to the contrary."[16]

Appellant argues that the Government was unable to meet the last three elements of Article 80 for attempt to escape from custody because Appellant's apprehension was illegal. Appellant claims this case is most akin to the facts in *United States v. Rozier*, where the Court of Military Appeals (C.M.A.) reversed the appellant's convictions for disrespect to the non-commissioned officers (NCO) who illegally apprehended him.[17] The Court in *Rozier* focused on the

---

[10] *Manual for Courts Martial, United States*, (2024 ed.) (*MCM*), pt. IV, para. 4.b at IV-4; Charge Sheet.

[11] *MCM,* pt. IV, para. 12.c.(4)(a).

[12] R.C.M. 302(a)(1).

[13] R.C.M. 302(c) (emphasis added).

[14] R.C.M. 302(c).

[15] *MCM*, pt. IV, para. 12.c.(1)(b).

[16] MCM, pt. IV, para. 12.c.(4)(d).

[17] 1 M.J. 469, 472 (C.M.A. 1976). The C.M.A. found that "[n]either the San Diego police nor the shore patrol possessed the requisite probable cause to apprehend the appellant," as falling asleep in the bus station was not included in the California Penal Code under "disorderly conduct" at the time, nor was there a cognizable offense under the UCMJ. *Id.* at 472 n.7.

lack of probable cause that an offense was committed at the time the appellant's apprehension occurred.[18] The C.M.A. commented on "illegal" vice "improper" or "irregular" apprehension or confinement in a footnote in *Rozier*: apprehension or confinement is illegal if there is no probable cause to apprehend or if there is a lack of authority to apprehend or confine a person and may be resisted.[19] Improper or irregular apprehension or confinement is when, for example, the person feels he or she is innocent or the confinement location is improper, but that "is not subject to relief through self-help."[20] Because the appellant's apprehension was illegal, the C.M.A. determined that his resistance to the illegal apprehension, i.e. disrespect, was not an offense as the NCOs were acting outside the scope of their duties.

Attempting to use the logic in *Rozier,* Appellant conflates the military judge's ruling under Article 13, UCMJ, for illegal punishment with illegal apprehension, which would occur only if there was no probable cause to apprehend Appellant. We are satisfied that at the time the brig escorts took Appellant into custody, the requirement for probable cause to apprehend had been met. Appellant followed the appropriate process to determine whether he was subject to *pretrial punishment*, and the military judge granted Appellant relief via judicially-ordered Article 13 confinement credit. In this case, we will not use the military judge's ruling regarding the illegality of pretrial confinement to now find Appellant's apprehension was illegal.

Appellant's CO ordered him into custody pursuant to the procedures in R.C.M. 305. Appellant was notified by his Sergeant Major and immediately placed into the custody of brig escorts.[21] In accordance with R.C.M. 302(b), the brig escorts took custody of Appellant, and escorted Appellant to the medical clinic as required.[22] At the clinic, Appellant ran away from the brig escorts, ran across the parking lot, and entered a friend's car.[23] Appellant would have left, but for GySgt B., who stopped Appellant from escaping custody.[24] After a re-

---

[18] *Id.*

[19] *Id.* at 472 n.6.

[20] *Id.*

[21] R. at 163-64; 166.

[22] R.C.M. 302(b) states that military law enforcement officials; commissioned, warrant, petty and noncommissioned officers; and civilians authorized to apprehend deserters may apprehend any person subject to trial by court-martial.

[23] R. at 167–68; Pros. Ex. 5.

[24] R. at 128, 168.

view of all the evidence in the light most favorable to the government, we conclude a rational fact finder could find all the elements of the offense of attempt to escape custody beyond a reasonable doubt.

## B. The Evidence is Factually Sufficient to Support Appellant's Conviction for Attempting to Escape Custody

Under Article 66(d)(1)(B), UCMJ, the steps of a factual sufficiency review are: (1) Appellant must first request a factual sufficiency review and make a specific showing of a deficiency of proof; (2) then the Court may weigh the evidence and determine controverted questions of fact, giving appropriate deference to the trial court that heard and saw witnesses and other evidence; and giving appropriate deference to findings of fact entered into the record by the military judge; and (3) finally if the Court is clearly convinced that the finding of guilty was against the weight of the evidence, the Court may set aside, dismiss, modify the finding, or affirm a lesser finding.

In accordance with *United States v. Harvey,*[25] we must determine whether the evidence as we have weighed it proves whether an appellant is guilty beyond a reasonable doubt. Finally, we must be clearly convinced of the correctness of our decision.[26]

In this case, we find Appellant has made a specific showing of a deficiency of proof. Therefore, we weighed the evidence, giving appropriate deference to the fact that the trial court saw and heard the witnesses and other evidence, and appropriate deference to special findings entered into the record by the military judge, as well as the other evidence in the record of trial.[27] We are not clearly convinced that the finding of guilty was against the weight of the evidence.

---

[25] 85 M.J. 127 (C.A.A.F. 2024).

[26] *Id.* at 130–32.

[27] R. at 383.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[28]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[28] Articles 59 & 66, UCMJ.